## Bisbing *against* Albertson.

A plaintiff cannot have judgment for want of a plea, where no rule to plead has been entered on the docket.

ERROR to the Common Pleas of *Philadelphia* county.

Albertson obtained judgment against Bisbing before a justice of the peace on the 7th June 1841, from which the defendant appealed on the 18th August, and the same day filed an affidavit of defence. On the 4th September a declaration was filed. On the 25th June 1842 judgment was entered for want of a plea on the affidavit of the plaintiff's counsel that on the 13th May previous he served a notice to plead at the defendant's counting-house, on persons, as he understood, in the defendant's employ. On the 9th July a rule was taken to show cause why execution should not be set aside and judgment opened, on the affidavit of the defendant that he never received notice to plead; that he was always ready to plead and had put in an affidavit of defence. This rule was refused.

Errors assigned:

1. That there was no rule on record in the court below to plead at any time.

2. That the proof of a notice to plead by the plaintiff's counsel was not in accordance with the rule of said court requiring notice to parties required to plead in said court.

*H. Hubbell*, for plaintiff in error. The notice to plead was irregular, no rule to plead appearing on the record. But the notice given here was not according to the rule of court, which directs that if the party entitled to notice has not employed an attorney it shall be sufficient to serve a copy on the party, which means personally or at his dwelling-house. The notice must be according to a rule of court or an Act of Assembly. 2 *Rawle* 287.

*Williams*, contra. It was the fault of the clerk that no rule to plead was entered. The notice to plead was served at the defendant's counting-house, after due diligence was used to find his residence. The affidavit does not state that the defendant had a dwelling-house, or that the place at which the notice was left was not his usual place of business. It was not until six weeks after the notice was served that we obtained judgment.

PER CURIAM.—There seems to have been no rule to plead taken when the plaintiff signed judgment for want of a plea; and the defendant, therefore, was not in contempt. The cause, therefore, will have to be put at issue in the usual way.

Judgment reversed, and a *procedendo* awarded.